# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40297
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-1074-3

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Lorenzo Garcia appeals the sentence imposed following his guilty-plea conviction of conspiring to harbor and transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A) and (a)(1)(B). Garcia argues that the district court erred in calculating his offense level under U.S.S.G. §§ 2X1.1 and 2L1.1 by holding him accountable under relevant conduct for harboring and transporting two aliens approximately three months prior to his offense of conviction. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that the incident, which involved different co-conspirators, was insufficiently similar to the offense of conviction to constitute relevant conduct. Because Garcia did not raise this argument in the district court, we will review the district court's sentencing decision for plain error only. *Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009).

In determining Garcia's sentence, the district court was allowed to consider, as relevant conduct, "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The district court found that both Garcia's offense of conviction and the prior transporting offense involved schemes to forcibly detain aliens who had illegally entered the United States, extort money from those aliens and their families to pay for transportation, and subsequently abandon those aliens on the side of the road in Brooks County, Texas. Those findings warranted a conclusion that the two episodes shared a common purpose and modus operandi and were part of a common scheme or plan. *See United States v. Williams*, 610 F.3d 271, 293-94 (5th Cir. 2010). Moreover, the distinct similarities between the two episodes, which occurred within months of one another, warranted a conclusion that they were part of the same course of conduct. *See United States v. Rhine*, 583 F.3d 878, 888 (5th Cir. 2009). Garcia has not shown that the district court committed error, much less plain error, by concluding that his prior alien transporting episode was conduct relevant to his offense of conviction. *See Puckett,* 129 S. Ct. at 1429.

AFFIRMED.